IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWAR

| | | |
|---|---|---|
| **RORY LEWIS** | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **DELAWARE STATE UNIVERSITY** | : | |
| | : | |
| Defendant, | : | |

## COMPLAINT

### PARTIES

1.      Rory Lewis, (hereinafter "Plaintiff"), has at all relevant times to this Complaint been a resident of Kent County, State of Delaware.

2.      Delaware State University (hereinafter "Defendant") is a public, comprehensive, 1890 land-grant institution providing educational opportunities to qualified citizens of the State of Delaware and other states. Delaware State University is subject to service of process by serving Alan L. Sessoms, PhD., the President of Delaware State University, at 1200 N. Dupont Hwy., Dover, Delaware 19901.


### JURISDICTION

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2210 and 2202. The cause of action is founded on the existence of a question arising under federal statutes. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 704(a) of Title VII of the Civil Rights Act. The jurisdiction of this Court is invoked to secure

protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their race.

### FACTUAL BACKGROUND

4.      Plaintiff, an African-American, began employment with Defendant on May 19, 2003 as a Maintenance Craftmans Mechanic/Carpenter (hereinafter "MCM III").

5.      When Plaintiff began his employment with Defendant, Charles Dougherty (hereinafter "Dougherty"), a Caucasian, was employed with Defendant as a Trades Helper (pay grade 8).

6.      As a Trades Helper, Dougherty was not responsible for managing other employees. Rather, Dougherty was responsible for assisting other, more senior and skilled employees. Helpers learn how to complete jobs by shadowing other, more senior and skilled employees.

7.      While working as a Helper, Dougherty made comments using the word "nigger". He also said "I can't understand that damn slave" in reference to Dr. Royster. Additionally, Dougherty told Chuck Jackson, Acting Assistant Director of Facilities, to pull Dougherty's "dick" because "it plays jingle bells."

8.      There is no opportunity for leadership experience while in the position of Helper.

9.      Plaintiff was nominated for "Facilities Employee of the Year" during his first year of employment with Defendant.

10.     Dougherty became an MCM III on July 1, 2003 approximately two months after Plaintiff was hired as a MCM III.

11.     While in the position of MCM III, Dougherty was written up for several egregious violations.

2

12.     Dougherty was written up for insubordination because he refused to complete a job because it was too close to the end of his work shift.

13.     Dougherty also received a suspension for the unauthorized use of company vehicles.

14.     Dougherty also received written reprimands for missing an excessive amount of time from work.

15.     Dougherty received verbal warnings from Chuck Jackson, Acting Assistant Director of Facilities for sleeping on the job.

16.     Dougherty refused to work overtime, paint or perform tasks that would enhance the University.

17.     Dougherty did not exhibit leadership qualities while he was employed with Defendant as a MCM III.

18.     Both Dougherty and Plaintiff had the same experience which included locks, keys, door closers and carpentry. In addition, both Dougherty and Plaintiff attended the same 3-hour class orientation on locks.

19.     In or around July 1, 2004, the position of Maintenance, Carpenter and Mechanic Shop Leader became available because Micah Parker, the previous Shop Leader, accepted another role as a Locksmith.

20.     Plaintiff, has at all relevant times to this Complaint, been a satisfactory and or above satisfactory performer without any disciplinary actions in his file.

21.     When Dougherty returned from suspension, he was given the position of Shop Leader.

22.     The Associate Vice President for Business Services, Richard "Dick" Cathcart, a white male who administered the disciplinary action to Dougherty, also made the recommendation to promote Dougherty over Plaintiff.

3

23.     Defendant did not interview or post the position of Maintenance, Carpenter and Mechanic Shop Leader prior to Dougherty receiving the position.

24.     Dougherty was selected for the Shop Leader position even though there was no job description for the position and no established criteria for the position.

25.     Dougherty was not the best choice or the most qualified for the position of Shop Leader.

26.     Dougherty received a 7% increase in salary when he was promoted/designated to the position of Shop Leader. Additionally, Dougherty went from a pay grade 12 as a MCM III to a pay grade 13 as a Shop Leader.

27.     Chuck Jackson told Plaintiff that Dougherty received the position of Shop Leader because he was white.

28.     Chuck Jackson and Vincent Sparro told Plaintiff that they did not want to hire Dougherty as Shop Leader because Dougherty was not qualified.

29.     In accordance with the collective bargaining agreement at Article 8.1 and Article 27.5, Dougherty was promoted to the position of Shop Leader.

30.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 13, 2004.

31.     The EEOC issued a favorable finding on behalf of the Plaintiff and received by the undersigned counsel on November 17, 2005, attached hereto as Exhibit "A".

32.     Plaintiff exhausted his administrative remedies as evidence by the attached Right to Sue letter issued by the Department of Justice and received by the undersigned counsel on April 27, 2006, attached hereto as Exhibit "B".

## FIRST CAUSE OF ACTION

4

33.   Plaintiff re-alleges and incorporates by reference herein paragraphs 1-32.

34.   The practices of Defendant as complained above, had the effect of depriving Plaintiff of equal employment opportunities and otherwise affected his employment because of his race.

35.   The practices employed by Defendant were intentional and were done with malice and/or reckless indifference to the federally-protected rights of Plaintiff.

36.   The practices of Defendant as complained above cause Plaintiff to exercise conscious pain and suffering and other emotional harm.

37.   The practices of Defendant as described above are imputable to Defendant in violation of 42 U.S.C. § 2000e-2(a) and 3(a).

38.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment opportunities, loss of income, loss of other employment benefits and has suffered and continues to suffer distress, humiliation, great expense, and embarrassment.

## SECOND CAUSE OF ACTION
### (Racial Discrimination – Failure to Promote)

39.   Plaintiff re-alleges and incorporates by reference herein paragraphs 1-38.

40.   Defendant denied Plaintiff the opportunity for career advancement despite his qualifications.

41.   Defendant denied Plaintiff the opportunity for career advancement by denying him the opportunity to interview for the position with Defendant.

42.   Defendant denied Plaintiff the opportunity for career advancement by failing to post the open position of Shop Leader.

43.    As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer, a loss of considerable pay: past, present, future and prospective and has suffered, and continues to suffer, humiliation, mental anguish and emotional pain.

44.    Defendant's discrimination was willful, wanton and malicious. As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

45.    The above-stated damages were not the result of any act or omission on the part of the Plaintiff.

## FOURTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

46.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1-45.

47.    The actions of Defendant constitute a violation of the Covenant of Good Faith and Fair Dealing implicit in every employment agreement.

48.    Defendant breached the Covenant of Good Faith and Fair Dealing to Plaintiff by failing to promote him and by discrimination against him based upon his race.

49.    Defendant's discrimination was willful, wanton, and malicious. As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

50.    The above-stated damages were not the result of any act or omission on the part of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment against the Defendant, and in his favor for damages suffered by Plaintiff as a result of Defendant's actions, including, but not limited to, back pay, front pay, benefits (both retroactively and prospectively), compensatory damages, punitive damages, attorney's fees, the cost of this litigation, pre-and post-judgment interest and such other further relief as this Honorable Court deems just and proper.

**MARGOLIS EDELSTEIN**

Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302)777-4680
(302)777-4682 Facsimile
Attorney for Plaintiff

Dated: July 19, 2006

# EXHIBIT A



 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Pittsburgh Area Office**

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA  15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664



RORY LEWIS
P. O. BOX 296
MILFORD, DE  19963

CHARGING PARTY,

CHARGE NO.: 17C-2005-00129

DELAWARE STATE UNIVERSITY
1200 N. DUPONT HIGHWAY
DOVER, DE  19901

RESPONDENT

## **DETERMINATION**

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

All requirements for coverage have been met. Charging Party alleges that the Respondent discriminated against him when it failed to promote him to the unadvertised position of Maintenance, Carpenter and Mechanic Shop Leader on or about July 1, 2004, because of his race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

The Respondent denies the allegation and defends that a shop employee (Charles Dougherty, white) was designated in accordance with the terms of the collective bargaining agreement to replace (Micah Parker, black), the incumbent designated shop leader that was stepping down due to his acceptance of another role as Locksmith. The Respondent denies that a promotion took place, since a designation only permits the designee to receive a 5% wage/salary adjustment. Additionally, the successful white designee had prior leadership experience and was experienced in the full range of services provided by the shop to include locks, keys, door closers and carpentry, whereas, the Charging Party had no experience with locks or closers while employed by Respondent; however, he did attend a three hour orientation to door closers along with three other members of the shop.

Examination of the evidence revealed that Respondent's rationale for selecting the white employee through an alleged designation in accordance with the collective bargaining agreement is untrue, thus establishing a pretext for race discrimination. The records revealed, an appointee may be designated as such and be eligible to receive a 5% wage increase without the Shop

**CHARGE NO.: 17C-2005-00129**                                                    **PAGE 2**

Leader position being posted and opened for bid. This was the case for the predecessor, (Micah Parker) as to the designated 5%. This is in accordance with Article 29.1, E, Group Leader Compensation. However, this was not the case for the white designee who received a 7% increase when placed into this position. Again, Respondent defense fails to withstand scrutiny when they say this was not a promotion, when in fact it was a promotion in accordance with the collective bargaining agreement at Article 8.1 and Article 27.5.

In addition, Respondent indicated that Charging Party lacked leadership skills, yet, Charging Party had more time in the capacity as Maintenance Craftsman Mechanic III in his group than the white male selected and he has been a satisfactory performer without any disciplinary actions in his file folder. Conversely, the successful white employee was promoted into the Maintenance Craftsman Mechanic III position, July 1, 2003, approximately two (2) months after Charging Party was hired into that capacity. Also, the successful white employee had been suspended for one day; this occurred one month before his being promoted to the position in question, while having committed a serious work rule infraction, (misuse of University property), one that placed him upon notice that any further action similar to this would result in his termination. Within the month following Mr. Dougherty's suspension, Respondent presented no evidence to demonstrate the necessary leadership skills and ability to warrant his promotion. Nevertheless, the Associate Vice President for Business Services, a white male who administered the disciplinary action also made the recommendation to promote the successful white candidate over Charging Party.

Nothing was discovered during the investigation to show that the successful white had any more experience in doing this new job than Charging Party. Thus, Respondent's defense in this case is inconsistent with what transpired, its actions clearly establishes pretext for race discrimination when it chose to circumvent provisions of the collective bargaining agreement in favor of a white employee to the detriment of a qualified black employee, Charging Party and categorized the action as a designation as opposed to a promotion. Respondent did not apply the promotion process evenhandedly in this case. The white male was selected even though it had no job description at the time of the promotion to rely upon, and no established criteria.

Upon finding that there is reason to believe that violations have occurred, the Commission is mandated to attempt to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this Determination, the Commission will consider any reasonable offer to resolve this matter. The Commission is seeking an amount inclusive of the applicable cap to your organization (up to and including $300,000.00) for compensatory damages; actual monetary costs incurred by the Charging Party; and all wage and benefit losses.

**CHARGE NO.: 17C-2005-00129**                                    **PAGE 3**

A Commission representative has prepared the accompanying conciliation proposal.  Again, the
Commission is postured to consider any reasonable offer during this period.  If an offer has not
been previously submitted, Respondent is required to accept, reject, or submit a counteroffer to
the conciliation proposal.  The confidentiality provisions of the statute(s) and Commission
Regulations apply to information obtained during conciliation.

On Behalf of the Commission,

11/15/05
Date

Joseph M. Hardiman, III,
Area Director

# EXHIBIT B



U.S. Department of Justice

Civil Rights Division

RECEIVED
MAY 0 1 2006
BY: _____

Employment Litigation Section -
PHB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
www.usdoj.gov/crt/emp/emphom
e.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170- 64-0

APR 2 7 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Rory Lewis
c/o Lori A. Brewington, Esq.
Margolis, Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Re: Rory Lewis v. Delaware State University,
EEOC No. 17C-2005-00129

Dear Mr.Lewis:

Because you filed the above charge with the Equal Employment Opportunity Commission, and conciliation on that charge has failed, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of l964, as amended, 42 U.S.C. Section 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

The EEOC files pertaining to your case are located in the Area Office of the EEOC, located at the following address: Equal Employment Opportunity Commission, Liberty Center, 1001 Liberty Avenue, Suite 300, Pittsburgh, PA 15222-4187.

This notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charges are meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

By:

William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Mark Farley
Delaware State University

Area Office, EEOC

℅JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RORY LEWIS | DELAWARE STATE UNIVERSITY |

**(b)** County of Residence of First Listed Plaintiff  KENT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  KENT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (302) 777, 4680
LORI A. BREWINGTON, ESQUIRE
MARGOLIS EDELSTEIN, 1509 GILPIN AVE, WILM. DE 19806

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000(e) as amended by 42 U.S.C. §704(a) — Title VII
Brief description of cause:
EMPLOYMENT DISCRIMINATION ON BASIS OF RACE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

06  -  4 3 9

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

2006 JUL 19 PH 4: 33

RG
Scanned

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

_____7-19-06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____Phillip Casale_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action